WILLIAM NEWSOM, executor, plaintiff in error, vs. JOHN JACKSON, defendant in error.

[1.] An action of deceit, being necessary in form *ex delicto*, dies with the defendant.

[2.] Whether it dies with the plaintiff? Query.

Case, and motion to make parties, in Baker Superior Court. Decision by Judge ALLEN, May Term, 1859.

Jackson brought his action on the case against Cæsar A. Savage for deceit. Pending the action and before trial, Savage died, and Newsom his executor was served with *scire facias*, to show cause why he should not be made a party defendant in the place of his testator, and the cause proceed. Newsom appeared and moved to dismiss the action on the ground, that the suit had abated by the death of the defend-

ant, and the cause of action, did not survive.    The Court overruled the motion, and Newsom excepted.

LYON, IRVIN & BUTLER, for plaintiff in error.

MORGAN, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

[1.] This was an action by Jackson against Savage for *deceit,* in fraudulently inducing Jackson to give credit to another, he, Savage, knowing that other to be unworthy of such credit. Savage being dead, does the action survive in the same or in any other form against his executor?   The common law rule is, *actio personalis moritur cum persona;* but still the question is—what is included under the head of *actio personalis?*   The most satisfactory answer which I have been able to find, is given by Judge TUCKER, in his *Commentaries, 3d book, page* 223, as being the result of all the cases.   He says, if the cause of action *can* be maintained in form *ex contractu,* it survives, but if it is *necessarily* in form *ex delicto,* it dies with the death of either party.   Can this cause of action be maintained in form *ex contractu?*   To put it in that form, would be to claim an implied promise from Savage, that he would make his representations good; that is a guaranty.   But this would be obnoxious to the statute of frauds, as being a promise to answer for the debt of another and not in writing.   By the common law rule then, this cause of action not being maintainable except in form *ex delicto,* dies with the death of either party.   The only alteration made in this common law rule, so far as I am aware, is by 4 *Edward III, chap.* 7*th.*   This statute does not materially change the rule, for by a very liberal construction it has been made to save all actions for injuries to *personal property,* whereby the property is rendered less beneficial to the executor.   It may be said this was an injury to the goods

which Jackson sold, whereby he lost them. Without discussing that question, it is enough to say that the saving of the statute is only *in favor of* the representative of the *injured* party; it does not save the action *against* the representative of him who does the injury. There may be little reason for the difference, but so is the statute, and so has it been uniformly construed. That statute, therefore, does not save this case. It was suggested in the argument that the action could be maintained in form *ex contractu* by an amendment, alleging that the goods sold were for the benefit and went into possession and enjoyment of Savage, and thereupon claiming his implied *assumpsit* to pay for that which he had got and enjoyed of another's property. It is enough to say that *this* would be a new *cause* of action, and not simply a new form for the same cause. If Jackson ever had such a cause of action as that, he has not lost it. The difficulty is, he has never brought it. Our own statute was invoked in this connection, saving actions from abatement by the death of either party, where the cause of action would survive in the same or any other form. This statute does not affect in the slighest degree the causes of action which survive or die, nor does it put one cause of action in the shoes of another. It only saves the action from abatement where the *same cause* of action would survive (as the law then stood,) either in the same or some other *form*. The same cause of action might be brought in trover or in detinue; or again in debt or in assumpsit. There are instances of different forms for the same cause of action. But the deceit pending, and the assumpsit proposed to be introduced by way of amendment, are founded on essentially different facts, and are therefore essentially different causes of action.

[2.] The rule which we are obliged to apply in this case, may not be a very reasonable one, but it is a very old and well established one. We think the action died with the defendant.

Judgment reversed.